**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Brandon S. Olmstead,** ) | **CASE NO. 1:20 CV 2191** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **v.** ) | |
| ) | <u>**Memorandum of Opinion and Order**</u> |
| **City of Ashland, *et al.,*** ) | |
| ) | |
| **Defendants.** ) | |

### <u>INTRODUCTION</u>

*Pro se* Plaintiff Brandon S. Olmstead filed this action under 42 U.S.C. § 1983 against the City of Ashland, Ashland Police Detective Brian Evans, Confidential Informant Andrew Lentz, and Confidential Informant Bobby Burdette.  In the Complaint, Plaintiff alleges he was arrested and convicted on drug trafficking charges as a result of video surveillance taken without a warrant.  He asserts claims under the Fourth and Fourteenth Amendments and seeks monetary damages.

### <u>BACKGROUND</u>

Plaintiff alleges that on October 26, 2016, Confidential Informant Andrew Lentz contacted Detective Evans and indicated that he believed he could purchase marijuana from the Plaintiff.  Plaintiff contends he had not sold marijuana to Lentz prior to this date so there was no probable cause for Detective Evans to obtain a warrant to record video inside his home.  Lentz

contacted Plaintiff and Plaintiff instructed Lentz to come to his house.  Detective Evans

supplied Lentz with undercover audio and video surveillance equipment. Lentz went to

Plaintiff's home and purchased marijuana from him.  He recorded the transaction on audio and

video.

On March 21, 2017, confidential informant Bobby Burdette informed Detective Evans

that she believed she could purchase methamphetamine from Plaintiff.  Burdette contacted

Plaintiff and arranged to come to his house to purchase the drug.  Again, Detective Evans

supplied Burdette with audio and video equipment.  Burdette entered Plaintiff's home with

another individual, and as such, Plaintiff was not initially aware of her presence.  He contends

she searched for evidence until he discovered her and ushered her into another room.  She

inquired about the methamphetamine and he moved out of her view to a set of scales. Plaintiff

claims that instead of methamphetamine, he was measuring out legal bath salts.  Burdette

manipulated her cellphone so that she could use its video feature to record Plaintiff's activities

at the scale.  Plaintiff noticed her actions and became suspicious.  He ordered her to put her

phone away.  Suspecting she was working for the police, he offered her the bath salts and

demanded that she smoke them in front of him.  She declined stating she had to get back to her

children.  He refused to complete the sale now fully believing she was working with law

enforcement.  In a final attempt to make a purchase from Plaintiff, Burdette contacted Plaintiff a

few hours later and indicated that she wanted to purchase the substance Plaintiff contends was

bath salts.  She brought a syringe and offered to go into Plaintiff's bathroom and inject the

substance with the door open.  Plaintiff completed the transaction with Burdette.

Plaintiff was convicted on December 1, 2017 in the Ashland County Court of Common

Pleas on three counts of drug trafficking, one count of drug possession, one count of complicity to drug trafficking and one count of possession of criminal tools.  He is currently incarcerated in the Northeast Ohio Correctional Center.  Plaintiff contends Detective Evans did not get a warrant for Lentz's or Burdette's videotaping activities.  He clarifies that he is objecting only to the video surveillance without a warrant.  He is not objecting to the audio recording.  He asserts that the Defendants violated his Fourth and Fourteenth Amendment rights.  He seeks monetary damages.

### **STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true.  *Bell Atl. Corp.*, 550 U.S. at 555.

-3-

The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*  In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

## **DISCUSSION**

Plaintiff's claims are not cognizable in a civil rights action.  In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).  A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under § 1983. Therefore, when a state prisoner seeks damages in a § 1983 suit, the Court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence.  If it would, the Complaint must be dismissed unless the Plaintiff can demonstrate that the conviction or sentence has already been invalidated.  If, however, the Court determines that the Plaintiff's claims, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the Plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit

-4-

In this case, Plaintiff was convicted of drug trafficking based on the evidence obtained by Lentz and Burdette.  Plaintiff claims it was obtained in violation of the First and Fourteenth Amendments.  If the Court were to find these claims had merit, it would call into question the validity of his convictions.  He has not alleged that these convictions were overturned on appeal or through a Petition for a Writ of Habeas Corpus.  Indeed, he remains incarcerated on this conviction.  He cannot proceed with his claims in a civil rights action.

Furthermore, even if these claims would not call his conviction into question, they are untimely.  Ohio's two year statute of limitations for bodily injury applies to §1983 claims.  *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995).  The actions alleged in the complaint took place between October 2016 and March 2017.  This action was filed in 2020, well beyond the expiration of the two-year statute of limitations period.

**<u>CONCLUSION</u>**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


       /s/ Patricia A. Gaughan
       PATRICIA A. GAUGHAN
       United States District Court
Dated: 2/10/21       Chief Judge